UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CRUISE PARTNERS, LLC, a
Pennsylvania limited liability company,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., a
foreign corporation.

    Defendant.

Case No. 21-cv-20604

### JOINT STIPULATION FOR STAY PENDING ARBITRATION AND TO SEAL CONFIDENTIAL MATERIAL

Plaintiff Cruise Partners, LLC ("Cruise Partners") and Defendant Royal Caribbean Cruises Ltd. ("RCCL"), pursuant to 9 U.S.C. § 3 and Southern District of Florida Local Rule 5.4, hereby stipulate as follows:

    1.    Pursuant to the Parties' Guest Accommodations Purchase and Resale Agreement (the "Agreement"), Cruise Partners and RCCL have agreed to submit this dispute to arbitration before the American Arbitration Association.

    2.    Cruise Partners, by agreement with RCCL, requests that this Court stay all claims against RCCL pending resolution of the mandatory arbitration between Cruise Partners and RCCL.

    3.    Cruise Partners and RCCL agree that pursuant to 9 U.S.C. § 3, this Court should retain jurisdiction of this case until arbitration has been had in accordance with the terms of the Agreement. *See Greenberg v. Drs. Assocs., Inc.*, 338 F. Supp. 3d 1280, 1283 (S.D. Fla. 2018) (staying case under Federal Arbitration Act pending resolution of arbitration pursuant to the parties' arbitration agreement).

4. Cruise Partners and RCCL also agree that Exhibits A (the Agreement) and B (Amendment to the Agreement) to the Complaint [ECF No. 1, p. 8-41] contain RCCL's commercially sensitive and proprietary information, including the terms and conditions of RCCL's chartered vessel, the amounts and schedules for RCCL's guaranteed charter payments and on-board revenue minimums, RCCL's associated profit margins, as well as RCCL's business policies and practices ("Confidential RCCL Information"). The Parties' Agreement further contains a confidentiality provision which provides, among other things, that its terms and conditions are confidential. Certain portions of the Complaint [ECF No. 1] also cite to the Confidential RCCL Information. Specifically, paragraphs 10, 11, and 112 set out and quote the Agreement's terms.

5. While the Parties are aware that the right of public access to judicial records pursuant to the common law is well established, that right of access is not absolute and "may be overcome by a showing of good cause, which requires balance[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummon Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and citations omitted). Additionally, Federal Rule of Civil Procedure 26(c) allows the Court to "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed" in litigation. *Id.*

6. Here, sealing and/or redacting the requested documents would not impair this Court's functions and will allow Confidential RCCL Information to remain confidential. The Parties therefore submit that good cause exists to redact paragraphs 10, 11, and 12 of the Complaint and to seal Exhibits A and B thereto.[1] *See Romero*, 480 F.3d at 1246 ("A party's privacy or

---

[1] It should be noted that RCCL would have filed a motion to seal the confidential documents (and to compel arbitration) had Cruise Partners not agreed to this Stipulation.

proprietary interest in information sometimes overcomes the interest of the public in accessing the information.") (internal citations omitted).

7. Cruise Partners and RCCL therefore seek to have this Court seal Exhibits A through B to the Complaint and redact paragraphs 10, 11, and 12 of the Complaint and direct the Clerk to remove the currently filed exhibits to, and unredacted portion of, the Complaint from the public record. The Parties further request that the foregoing documents and information remain sealed pending resolution of the mandatory arbitration between Cruise Partners and RCCL and until the case is closed.

8. Cruise Partners and RCCL jointly request that the Court enter the proposed agreed Order attached hereto as **Exhibit A**.

Dated: March 1, 2022                    Respectfully submitted,

| | |
|---|---|
| **GIESELER & GIESELER, P.A.** | **SANCHEZ FISCHER LEVINE, LLP** |
| 789 South Fed. Highway, Suite 301 | 1200 Brickell Avenue, Suite 750 |
| Stuart, Florida 34994 | Miami, Florida 33131 |
| Tel. (888)202-2402 | Tel.: (305) 925-9947 |
| | |
| By: */s/ Nicholas Gieseler* | By: */s/ David M. Levine* |
| Nicholas Gieseler, Esq. | David M. Levine, Esq. |
| Florida Bar No. 0043979 | Florida Bar No. 84431 |
| Email : nmg@gieselerlaw.com | Email: dlevine@sfl-law.com |
| *Counsel for Cruise Partners, LLC* | Secondary: eservice@sfl-law.com |
| | Paola Sanchez Torres, Esq. |
| | Florida Bar No. 99639 |
| | Email: psanchez@sfl-law.com |
| | *Counsel for Royal Caribbean Cruises Ltd.* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 1, 2022 the foregoing document is being served on all counsel of record via transmission of Notices of Electronic filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ David M. Levine
David M. Levine, Esq.